# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CEDRIC LAMAR JACKSON,<br>  Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>  Respondent. | :<br>:<br>:  CRIMINAL ACTION NO.<br>:  1:05-CR-0479-RWS<br>:<br>:<br>: |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 737], recommending that Respondent's motion to dismiss, [Doc. 714], as well as Movant's 28 U.S.C. § 2255 motion to vacate, [Doc. 452], be denied. Movant has filed his objections in response to the R&R. [Doc. 743].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

As is more fully discussed in the R&R, Movant originally filed his motion to vacate in 2010. This Court initially denied the motion, but the Eleventh Circuit reversed and remanded, holding that this Court erred in denying Movant's claim that trial counsel was ineffective in failing to inform Movant that he would have to register

as a sex offender if he pled guilty. More specifically, the Eleventh Circuit found that this Court did not reach the factual determination of whether Movant's counsel misadvised him or whether rejecting the plea bargain would have been rational under the circumstances.

Upon remand, the Magistrate Judge held a hearing at which Movant testified that his trial counsel told him he would not have to register as a sex offender and that he would not have pled guilty if he knew that he would have to register. His trial counsel testified that they did not remember discussing the matter with Movant.

In the R&R, the Magistrate Judge found that, based on his demeanor and his "attempt to backtrack at the hearing . . . from the facts to which he stipulated at his guilty plea," Movant lacked credibility when he claimed that trial counsel affirmatively told him that he would not have to register as a sex offender and that he would not have pled guilty had he known that he would be required to register. The Magistrate Judge further concluded that, based on the law existing at the time (May, 2006) trial counsel's purported advice – that Movant was not subject to Georgia's registration requirements – was legally correct, at the time Movant pleaded guilty. Indeed, the Georgia Bureau of Investigations concluded in 2017 that Movant was not required to register as a sex offender. Further, to the degree that Movant is required to register as a sex offender, that requirement is based on the enactment and

retroactive application of the federal Sex Offender Registration and Notification Act (SORNA), which was passed subsequent to Movant's guilty plea. As a result the Magistrate Judge concluded that trial counsel could not have been deficient for failing to advise Movant on a registration requirement that did not yet exist. Finally, the Magistrate Judge found that, had Movant opted to go to trial, he would have faced a much longer sentence – a maximum of forty years instead of five – and concluded that it would not be rational for Movant to have rejected the plea deal in the event that he would have to register as a sex offender. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010) ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

In his objections, Movant disagrees with the Magistrate Judge's findings and conclusions. In response, this Court notes that, having reviewed the transcript of Movant's testimony before the Magistrate Judge, the undersigned has no basis upon which to disagree with the Magistrate Judge's credibility determination regarding Movant's testimony. See United States v. Raddatz, 447 U.S. 667, 681 n.7 (1979) (noting that a district judge should not reject magistrate judge's proposed findings on credibility).[1]

---

[1] While this Court has the option of making its own credibility determination in a new hearing, nothing in the record convinces this Court that its determination is likely to be different. See Raddatz, 447 U.S. at 681; Wofford v. Wainwright, 748 F.2d

AO 72A
(Rev.8/82)

This Court also concludes that, given (1) the highly deferential standard applied to claims of ineffective assistance of counsel and (2) the fact that criminal defendants are guaranteed only a reasonably competent attorney, Harrington v. Richter, 562 U.S. 86, 110 (2011), this Court concludes Movant's argument that the Magistrate Judge erred in concluding that trial counsel was not deficient for failing to advise Movant on a registration requirement is unavailing. According to Movant's argument, he pled guilty on May 1, 2006.

> SORNA was passed in July of 2006. However, SORNA was the latest version of federal sex offender registration requirements, which started with the Wetterling Act of 1994, so the fact that the plea pre-dated SORNA by a few weeks did not relieve counsel of the obligation to properly advise his client about registration consequences.

[Doc. 743 at 3].

This contention does not convince this Court that it was at all clear that Movant would have to register as a sex offender when he entered his guilty plea in 2006, and counsel thus cannot be considered deficient. Additionally, while Movant might be required to register if he decides to move to another state, it was reasonably competent for counsel to limit his advice to Georgia law because that is where Movant resided at the time.

---

1505, 1509 (11th Cir. 1984) (district court has discretion to adopt credibility determination without hearing live testimony bearing on claim).

For these reasons, the R&R, [Doc. 737], is hereby **ADOPTED** as the order of this Court, Respondent's motion to dismiss, [Doc. 714], is **DENIED**, and the pending motion for to vacate pursuant to 28 U.S.C. § 2255, [Doc. 452], is **DENIED**.

This Court determines, however, that Movant has raised a claim of arguable merit, and a Certificate of Appealability is **GRANTED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 2nd day of November, 2018.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)